# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIK LYBARGER, | : | CIVIL ACTION NO. 3:CV-14-0101 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| LAUREL HARRY, Superintendent, | : | |
| Respondent | : | |

FILED
SCRANTON
JAN 2 3 2014
PER_____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Erik Lybarger, an inmate confined in the State Correctional Institution, Camp Hill, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a conviction imposed by the Cambria County Court of Common Pleas. (Doc. 1). For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . . '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or

judge, that he may be liberated if no sufficient reason is shown to the contrary.'" Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004) (emphasis in original) (citations omitted). There is no question that this Court has jurisdiction over Lybarger's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Petitioner is attacking a conviction imposed by the Court of

2

Common Pleas for Cambria County, Pennsylvania. Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Western District of Pennsylvania, it would be prudent to transfer this action to the Western District.

        A separate Order will be issued.

Dated: January 23, 2014

                                                United States District Judge